1  JOHN T. MULLAN (SBN: 221149)
   CHAYA M. MANDELBAUM (SBN: 239084)
2  MICHELLE G. LEE (SBN: 266167)
   ERIN M. PULASKI (SBN: 270998)
3  RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
   351 California Street, Suite 700
4  San Francisco, CA  94104
   Telephone: (415) 434-9800
5  Facsimile:  (415) 434-0513
   Email: jtm@rezlaw.com
6  Email: cmm@rezlaw.com
   Email: mgl@rezlaw.com
7  Email: emp@rezlaw.com

8  JAY T. JAMBECK (SBN: 226018)
   MANDY G. LEIGH (SBN: 225748)
9  ELIZABETH PACHECO (SBN: 246258)
   LEIGH LAW GROUP
10 870 Market Street, Suite 1157
   San Francisco, CA  94102
11 Telephone: (415) 399-9155
   Facsimile:  (415) 795-3733
12 Email: jjambeck@leighlawgroup.com
   Email: mleigh@leighlawgroup.com
13 Email: epacheco@leighlawgroup.com

14 Attorneys for Plaintiffs JOSEPH VIERRA
   and KEVIN WOODRUFF,
15 and all others similarly situated

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                          SAN FRANCISCO DIVISION

19 | JOSEPH VIERRA and KEVIN WOODRUFF, | Case No.
20 | on behalf of themselves and classes of those similarly situated, | **CLASS ACTION COMPLAINT FOR:**
21 | Plaintiffs, | 1. **Unpaid Minimum Wages (Cal. Lab. Code § 1194;**
22 | vs. | 2. **Unpaid Overtime Wages (Cal. Lab. Code § 510);**
23 | TIMEC COMPANY, INC. dba TRANSFIELD SERVICES, a corporation, | 3. **Itemized Wage Statement Violations (Cal. Lab. Code § 226);**
24 |  | 4. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203);**
25 | Defendant. | 5. Private Attorneys General Act Penalties (Cal. Lab. Code § 2699); and
26 |  | 6. **Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200** *et seq.***;**
27 |  |
28 |  / | **JURY TRIAL REQUESTED**

CLASS ACTION COMPLAINT

Plaintiffs JOSEPH VIERRA, and KEVIN WOODRUFF ("Named Plaintiffs"), by and through their attorneys, on behalf of themselves and classes of those similarly situated, and the general public, hereby complain against Defendant TIMEC COMPANY, INC. dba TRANSFIELD SERVICES (hereinafter referred to as "Defendant" or "Timec"), a corporation doing business in California, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the first through sixth claims for relief under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because those claims involve class actions in which: (1) there are 100 or more members in each of the proposed classes; (2) at least some members in each of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members in each of the proposed classes exceed $5,000,000 in the aggregate. This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(a).

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The Northern District of California has personal jurisdiction over this matter because Defendant is doing business here, in this District, and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant may be found in this District and because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this District.

5. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco Division is proper.

## SUMMARY OF CLAIMS

6. Named Plaintiffs are current and former Timec employees who worked in unskilled maintenance positions for Timec at various oil and gas refineries throughout California.

///

7. Plaintiffs Vierra and Woodruff bring a class and representative action under California's Labor Code and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, based on Defendant's violations of California's wage and hour laws, on behalf of themselves and all persons who were, are, or will be employed by Defendant in California as Safety Attendants, Laborers or General Helpers (hereinafter "Timec Field Employees") at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (hereinafter the "California Class").

8. Plaintiffs Vierra and Woodruff allege that at all relevant times Defendant had a policy and practice of willfully failing to pay them and all California Class members regular, premium and/or double-time pay for all regular and overtime hours worked, in violation of California law.

9. In addition, Plaintiffs Vierra and Woodruff allege that at all relevant times, pursuant to its policies and practices, Defendant willfully failed to keep and provide adequate work and/or payroll records as required by law, willfully failed to provide all wages due upon termination of employment, and willfully failed to provide accurate wage statements.

10. Plaintiffs Vierra and Woodruff allege that Defendant's practices are in direct violation of California's wage and hour laws, as described in greater detail below. On behalf of themselves and all California Class members, Plaintiffs Vierra and Woodruff seek injunctive and declaratory relief; damages, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; penalties as provided for by the relevant provisions of the California Labor Code; restitution, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; pre-judgment and post-judgment interest; and reasonable attorney's fees, costs, and expenses of this action.

**PARTIES**

11. Plaintiff Vierra is a natural person who is a resident of California. Plaintiff Vierra was employed by Defendant as a Timec Field Employee from on or about March 1, 2010 through on or about December 6, 2012. As a Timec Field Employee, Plaintiff Vierra worked on general maintenance projects at refineries in Richmond, Benicia and Martinez in California.

2
CLASS ACTION COMPLAINT

12. Plaintiff Woodruff is a natural person who is a resident of California. Plaintiff Woodruff has been employed by Defendant as a Timec Field Employee since January 2014. As a Timec Field Employee, Plaintiff Woodruff worked on general maintenance projects at a Richmond, California refinery.

13. Defendant Timec is an international operations, maintenance and construction services business, operating, among other areas, in the resources, energy, and industrial sectors, incorporated in Delaware and headquartered in Texas, doing business in the State of California, including in this judicial district. The company provides general maintenance services to oil and gas refineries nationwide. According to the website of Transfield Services, at the time of Timec's purchase by Transfield Services in 2007, "TIMEC service[d] 39 of the 150 refineries in the U.S. and its strong and longstanding customer base include[d] some of the largest oil and gas companies in the world – including ConocoPhillips, Chevron, ExxonMobil and Shell." Further, "TIMEC's revenue in the 2006 calendar year was US$245 million, and strong double digit growth rates [was] expected from this strategic acquisition." According to the company's website, as of August 21, 2014, it "employ[s] more than 19,000 people across 18 industries and 10 countries." In this pleading, "Defendant" means "Timec Company, Inc." and all domestic affiliates and subsidiaries.

**GENERAL FACTS AND ALLEGATIONS**

14. In California, Timec operates and manages the Chevron refineries in Richmond and El Segundo, the Valero refinery in Benicia, and the Shell refinery in Martinez, among others.

15. Vierra was employed by Timec from on or about March 1, 2010 through on or about December 6, 2012. He was employed at the Chevron refinery in Richmond, the Shell refinery in Martinez, and the Valero refinery in Benicia as a Field Employee. Vierra provided general labor assistance to skilled workers involved in refinery maintenance. Woodruff has been employed by Timec from on or about January, 2014 through the present time. Woodruff has been employed at the Chevron refinery in Richmond as a Field Employee. He provides general labor assistance to skilled workers involved in refinery maintenance. At each of the facilities at which Vierra and Woodruff worked for Timec, Field Employees, including Vierra and Woodruff,

were required by Timec to arrive at their assigned refinery early in the morning prior to their shift start time, to "badge in," to wait for and then take a bus or other transportation to the specific location of the refinery site where they would be working that day, to get dressed into their safety uniforms, including coveralls, hard-hats and safety gauges, and then to sign in to start getting paid for the day.

16. During the time period that Vierra and Woodruff worked for Timec, Field Employees, including Vierra and Woodruff, were not paid for the time they were required to be present between badging in and signing in for the day, which on average amounted to between 30 minutes to one hour per day.

17. On information and belief, Timec's employment practice of failing to pay Timec Field Employees for the time between badging in and signing in applies uniformly at all of Timec's operations in California and nationwide.

**CALIFORNIA CLASS ACTION ALLEGATIONS**

18. Plaintiffs Vierra and Woodruff re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 17, above.

19. The Plaintiffs bring the First, Second, Third, Fifth, and Sixth causes of action under the California Labor Code and the UCL for Defendant's violations of California's wage and hour laws on behalf of the following proposed class, the members of which have all been damaged by Defendant's above-described conduct, and who are referred to herein as the "California Class:"

> All persons who worked for Defendant at a refinery in California in the four years prior to the filing of the initial Complaint, up through the certification of this action, as Safety Attendants, Laborers or General Helpers (the "California Class").

20. Plaintiff Vierra brings the Fourth Cause of Action under California's wage and hour laws on behalf of the following proposed sub-class, the members of which have all been damaged by Defendant's above-described conduct, and who are referred to herein as the "California Subclass:":

///
///

4
CLASS ACTION COMPLAINT

>All members of the California Class who have separated from employment with Timec within the statute of limitations period applicable to claims under Section 203 of the California Labor Code. (California Subclass).

21. The proposed California Class and Subclass are brought, and may properly be maintained, as class actions under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and/or as a representative action pursuant to California Business & Professions Code Section 17200, which must comply with the same class action certification requirements as Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). Pursuant to those requirements, the California Class and the California Subclass are so numerous that joinder of all members is impracticable. Common questions of law and fact exist as to all members of the California Class and Subclass that predominate over any questions affecting individual members, including:

   a. Whether Defendant violated California Labor Code §§ 510 & 1194 and the California Business & Professions Code Section 17200 by failing to pay regular wages and/or premium compensation to the California Class members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day;

   b. Whether Defendant violated California Labor Code § 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to California Class members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

   c. Whether Defendant violated California Labor Code §§ 201-203 by failing to provide all wages earned and due at the time of termination to California Subclass members; and

   d. The proper measure of damages sustained by members of the California Class and the California Subclass, and the restitution owed to them.

///

22. Plaintiffs Vierra and Woodruff's claims are typical of those of the California Class. Plaintiffs, like other members of the California Class, were subjected to Defendant's policy and practice of failing to pay regular and overtime compensation, and failing to maintain and provide accurate itemized wage statements, all in violation of California law. Plaintiffs' job duties and compensation were also typical of other members of the California Class.

23. Plaintiffs Vierra and Woodruff will fairly and adequately represent and protect the interests of the putative members of the California Class and Subclass because they have no disabling conflict(s) of interest that would be antagonistic to those of the other class members. Plaintiffs have retained counsel who are competent and experienced in class action wage and hour litigation.

24. Timec has acted on grounds that apply generally to the California Class and California Subclass in that it has common policies and practices of (a) refusing to pay regular and overtime compensation, (b) failing to maintain and provide accurate itemized wage statements to all members of the California Class, and (c) failing to pay all wages due and payable at the time of termination to members of the California Subclass. Accordingly, injunctive and declaratory relief is appropriate for the California Class as a whole.

25. Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiffs Vierra and Woodruff and the similarly situated employees suffered similar treatment and harm as a result of systematic policies and practices, and because absent a class action, Defendant's unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation. Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

### FIRST CAUSE OF ACTION

**(Failure To Pay Minimum Wages, Cal. Labor Code §§ 218.6, 1194, 1194.2, 1197)**

26. Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in

6
CLASS ACTION COMPLAINT

Paragraphs 1 through 25 above as if fully set forth herein.

27. Throughout the Class Period, Section 1197 of the Labor Code has required employers such as Defendant to pay minimum wages to their employees, such as Plaintiffs Vierra and Woodruff and all California Class members, at or above the rate fixed by the Wage Order for all hours worked. Between January 1, 2008 and July 1, 2014, the minimum wage in California was $8.00 per hour. As of July 1, 2014, the minimum wage in California has been $9.00 per hour.

28. As detailed above, Plaintiffs Vierra and Woodruff and all California Class members have been required, suffered, or permitted to work hours, and have worked hours, during the period covered by this action for which they have not been paid the required minimum wage.

29. Plaintiffs allege that as a result of Defendant's policy and practice of not paying for all time actually worked, and the other policies and practices alleged above, Defendant has failed to pay Plaintiffs Vierra and Woodruff and all California Class members the applicable minimum wage for all their hours worked each week.

30. Defendant's failure to pay the minimum wage to Plaintiffs Vierra and Woodruff and all California Class members as required by law permits a civil action to recover the unpaid balance of the minimum that they were required to be paid, as well as interest thereon, reasonable attorney's fees, costs of suit, and liquidated damages, under California Labor Code sections 218.6, 1194, and 1194.2.

## SECOND CAUSE OF ACTION

### (Failure To Pay Overtime Wages, Cal. Labor Code §§ 510, 1194)

31. Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 30 above as if fully set forth herein.

32. As detailed above, Defendant had a policy and practice of not paying Plaintiffs Vierra and Woodruff and all California Class members for all overtime hours worked. Further, during all time periods relevant to this Complaint, Defendant required Plaintiffs Vierra and

7
CLASS ACTION COMPLAINT

Woodruff and all California Class members to work in excess of eight (8) hours in a single day, and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a single week.

33. Plaintiffs Vierra and Woodruff and all California Class members did in fact routinely work in excess of eight (8) hours in a single day, and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a single week.

34. It is unlawful for an employer to fail to compensate non-exempt employees at a rate of not less than the California statutory minimum wage rate for each hour worked up to forty (40) hours in a work week or eight hours in a work day, or to engage, suffer, or permit an employee to work in excess of eight (8) hours per workday, twelve (12) hours per workday, or forty (40) hours per workweek without paying premium wages as required by California law. Cal. Lab. Code §§ 510, 1194. California Labor Code § 1194 entitles an employee to recover in a civil action the unpaid balance of minimum wages and overtime compensation, including interest, attorney's fees, and costs.

35. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs Vierra and Woodruff and the members of the proposed California Class have sustained damages in the form of unpaid overtime wages in an amount to be established at trial, and are further entitled to pre-judgment interest, recovery of the costs of suit, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION

### (Inaccurate Wage Statements, Cal. Labor Code §§ 226, 1174)

36. Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiffs Vierra and Woodruff and the California Class members in accordance with California Labor Code Section 226. Such failure caused injury to Plaintiffs Vierra and Woodruff and all California Class Members.

38. Defendant also knowingly and intentionally failed to maintain records of hours worked by Plaintiffs Vierra and Woodruff and all California Class members in accordance with California Labor Code Section 1174(d). Such failure caused injury to Plaintiffs Vierra and Woodruff and all California Class members by, among other things, not being paid all wages due, not knowing how many hours he or she worked, and being required to file this action to recover their wages and determine the amount of hours worked and wages due.

39. Plaintiffs Vierra and Woodruff and all California Class members are entitled to, and do hereby seek, injunctive relief requiring Defendant to comply with Labor Code Sections 226(a) and 1174(d); and the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one-hundred dollars ($100.00) per employee for each violation in each subsequent pay period, pursuant to Labor Code Section 226(e).

**FOURTH CAUSE OF ACTION**

**(Waiting Time Penalties, Cal. Labor Code §§ 201-203, Brought by Plaintiff Vierra, on Behalf of Himself and a Subclass of the California Class)**

40. Plaintiff Vierra, on behalf of himself and a Subclass of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 39 above as if fully set forth herein.

41. Under California Labor Code § 201, if an employer discharges an employee, all wages earned and unpaid at the time of the discharge are due and payable immediately. Under California Labor Code § 202, if an employee quits, all wages are due and payable not later than 72 hours thereafter (or immediately at the time of quitting if the employee has given 72 hours previous notice of the intention to quit).

42. Defendant willfully failed to pay, within the time constraints imposed by Labor Code §§ 201 and 202, all overtime compensation due to the Plaintiff Vierra and California Class members whose employment has terminated.

43. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Vierra and the subclass comprised of terminated members of the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

44. As penalties for these violations, Plaintiff Vierra and the subclass comprised of terminated members of the California Class are entitled to and seek to recover up to thirty (30) days of their wages at their regular rates, as provided by California Labor Code § 203.

## FIFTH CAUSE OF ACTION

### (Private Attorneys General Act, Labor Code § 2699)

45. Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 44 above as if fully set forth herein.

46. Under the Private Attorneys General Act of 2006, Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the Labor Code.

47. As set forth above, Defendant has committed numerous violations for which the Labor Code provides for penalties, including violations of §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2.

48. The Plaintiffs have provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemporaneous with the filing of this complaint. After receiving notification from the LWDA that it does not intend to investigate the alleged violations, or after thirty-three days of the postmark date of giving notice to the LWDA if no response has been received from the LWDA, Plaintiffs will seek leave to amend this complaint to allege exhaustion of administrative remedies as required by Labor Code Section 2699.3.

49. As a direct result of Defendant's conduct as described, Plaintiffs are entitled to recover, on their own behalf and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of Labor Code §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2, as well as reasonable attorney's fees and costs.

///

## SIXTH CAUSE OF ACTION

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

50. Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 49 above as if fully set forth herein.

51. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which include, but are not limited to, any unlawful business practice or act.

52. The policies, acts and practices described herein were and are an unlawful business act or practice because Defendant's failure to pay minimum wage and overtime, failure to pay all wages due upon termination of employment, and failure to provide accurate wage statements violate the California Labor Code, including, but not limited to, Sections 201, 202, 203, 226.7, 510, and 1194, applicable Wage Orders of the IWC, and other provisions of California common and/or statutory law. These violations were and are willful. Each of these violations constitutes an independent and separate violation of the UCL.

53. The unfair competition prohibited by Section 17200 also prohibits unfair business practices or acts.

54. The policies, acts or practices described herein were, and are, unfair business acts or practices because any justifications for Defendant's unlawful and unfair conduct were, and are, vastly outweighed by the harm such conduct caused to Plaintiffs Vierra and Woodruff and all California Class members.

55. The unlawful and unfair business practices and acts of Timec, described above, have injured Plaintiffs Vierra and Woodruff and the California Class members in that they were wrongfully denied the payment of earned regular and overtime wages.

56. Plaintiffs Vierra and Woodruff, on behalf of themselves and all California Class members, seek recovery of attorney's fees and costs of this action to be paid by Timec, as provided by California Labor Code § 1194 and California Code of Civil Procedure § 1021.5.

///

57. Plaintiffs Vierra and Woodruff, on behalf of themselves and all California Class members, seek restitution in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class and Subclass, pray for judgment and the following specific relief against Timec as follows:

1. Certification of this action as a class action on behalf of the proposed Class and Subclass;

2. Designation of Plaintiffs Vierra and Woodruff as Representatives of the Class, and designation of Plaintiff Vierra as Representative of the Subclass;

3. A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and a declaration that:

    a. Defendant is found to have violated Cal. Labor Code § 201;

    b. Defendant is found to have violated Cal. Labor Code § 202;

    c. Defendant is found to have violated Cal. Labor Code § 203;

    d. Defendant is found to have violated Cal. Labor Code § 226.7;

    e. Defendant is found to have violated Cal. Labor Code § 510;

    f. Defendant is found to have violated Cal. Labor Code § 1174;

    g. Defendant is found to have violated Cal. Labor Code § 1194; and,

    h. Defendant is found to have violated applicable IWC Wage Orders.

4. An award of damages, according to proof, to be paid by Defendant;

5. Penalties and liquidated damages available under applicable law, including Cal. Labor Code 203, 226.7, 1194.2 and 2699;

///

12
CLASS ACTION COMPLAINT

6. Appropriate equitable and injunctive relief to remedy Defendant's violation of California law, including but not limited to an order enjoining Defendant from continuing its unlawful practices;

7. Restitution, according to proof, to be paid by Timec;

8. Pre-judgment and post-judgment interest, as provided by law, including but not limited to Cal. Lab. Code § 218.6 and Cal. Bus. & Prof. Code § 17203;

9. Costs of action incurred herein, including expert fees;

10. Attorney's fees, including fees pursuant to Cal. Code of Civ. P. § 1021.5 and California Labor Code §§ 1194 and 2699; and

11. Such other legal and equitable relief as this Court deems necessary, just, and proper.

DATED: September 10, 2014  RUDY, EXELROD, ZIEFF & LOWE, LLP

By: */s/ John T. Mullan*
JOHN T. MULLAN
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Jay T. Jambeck
Mandy G. Leigh
Elizabeth Pacheco
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone: (415) 399-9155
Facsimile: (415) 795-3733

*Attorneys for Plaintiffs*
*JOSEPH VIERRA and KEVIN WOODRUFF, and all others similarly situated*

## JURY DEMAND

Named Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

DATED: September 10, 2014                     RUDY, EXELROD, ZIEFF & LOWE, LLP


By:  */s/ John T. Mullan*
    JOHN T. MULLAN
    RUDY, EXELROD, ZIEFF & LOWE, LLP
    351 California Street, Suite 700
    San Francisco, CA  94104
    Telephone: (415) 434-9800
    Facsimile:  (415) 434-0513

    Jay T. Jambeck
    Mandy G. Leigh
    Elizabeth Pacheco
    LEIGH LAW GROUP
    870 Market Street, Suite 1157
    San Francisco, CA  94102
    Telephone: (415) 399-9155
    Facsimile:  (415) 795-3733

    *Attorneys for Plaintiffs*
    *JOSEPH VIERRA and KEVIN WOODRUFF,*
    *and all others similarly situated*