1    JOHN T. MULLAN (SBN: 221149)
     CHAYA M. MANDELBAUM (SBN: 239084)
2    MICHELLE G. LEE (SBN: 266167)
     ERIN M. PULASKI (SBN: 270998)
3    RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
     351 California Street, Suite 700
4    San Francisco, CA  94104
     Telephone: (415) 434-9800
5    Facsimile:  (415) 434-0513
     Email: jtm@rezlaw.com
6    Email: cmm@rezlaw.com
     Email: emp@rezlaw.com
7
     JAY T. JAMBECK (SBN: 226018)
8    MANDY G. LEIGH (SBN: 225748)
     ELIZABETH PACHECO (SBN: 246258)
9    LEIGH LAW GROUP
     870 Market Street, Suite 1157
10   San Francisco, CA  94102
     Telephone: (415) 399-9155
11   Facsimile:  (415) 795-3733
     Email: jjambeck@leighlawgroup.com
12   Email: mleigh@leighlawgroup.com
     Email: epacheco@leighlawgroup.com
13
     Attorneys for Plaintiffs JOSEPH VIERRA
14   and KEVIN WOODRUFF,
     and all others similarly situated
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19   JOSEPH VIERRA and KEVIN WOODRUFF,          Case No. CV 3:14-cv-04105 EMC
     on behalf of themselves and classes of those
20   similarly situated,

21            Plaintiffs,

22        vs.                                   **JOINT STIPULATION AND [PROPOSED]**
                                                **ORDER FOR LEAVE TO FILE FIRST**
23   TIMEC COMPANY, INC. dba TRANSFIELD         **AMENDED COMPLAINT**
     SERVICES, a corporation,
24
              Defendant.
25   _____/

26

27

28

1       Plaintiffs Joseph Vierra and Kevin Woodruff ("Plaintiffs") and Defendant Timec

2  Company, Inc. dba Transfield Services ("Defendant"), by and through their attorneys of record,

3  hereby stipulate and agree that Plaintiffs shall have leave to file a First Amended Complaint in

4  this lawsuit for purposes of alleging exhaustion of the administrative requirements pursuant to the

5  Private Attorney General's Act ("PAGA").  A copy of the Proposed First Amended Complaint is

6  attached hereto as Exhibit A.

7

8  DATED:  November 21, 2014        RUDY, EXELROD, ZIEFF & LOWE, LLP

9

10                                By:   /s/ John T. Mullan
                                    JOHN T. MULLAN

11                                    Attorneys for Plaintiffs
                                    JOSEPH VIERRA and KEVIN WOODRUFF,

12                                    and all others similarly situated

13

14  DATED:  November 21, 2014        LITTLER MENDELSON

15

16                                By:   /s/ Tarun Mehta
                                    TARUN MEHTA

17                                    Attorneys for Defendant
                                    TIMEC COMPANY, INC. DBA

18                                    TRANSFIELD SERVICES, LTC.

19

20  **IT IS SO ORDERED.**     Plaintiffs to file amended complaint as a

21                      separate document.
                      12/1

22  DATED: _____, 2014      _____

23                              HON. EDWARD M. CHEN

24

25                         IT IS SO ORDERED

26                        AS MODIFIED

27                        Judge Edward M. Chen

28

JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. 3:14-CV-04105 EMC

# EXHIBIT A

JOHN T. MULLAN (SBN: 221149)
CHAYA M. MANDELBAUM (SBN: 239084)
MICHELLE G. LEE (SBN: 266167)
ERIN M. PULASKI (SBN: 270998)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
Email: jtm@rezlaw.com
Email: cmm@rezlaw.com
Email: mgl@rezlaw.com
Email: emp@rezlaw.com

JAY T. JAMBECK (SBN: 226018)
MANDY G. LEIGH (SBN: 225748)
ELIZABETH PACHECO (SBN: 246258)
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA  94102
Telephone: (415) 399-9155
Facsimile:  (415) 795-3733
Email: jjambeck@leighlawgroup.com
Email: mleigh@leighlawgroup.com
Email: epacheco@leighlawgroup.com

Attorneys for Plaintiffs JOSEPH VIERRA
and KEVIN WOODRUFF,
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMEC COMPANY, INC. dba TRANSFIELD SERVICES, a corporation,<br><br>Defendant.<br><br>_____ / | Case No. CV 3:14-cv-04105 EMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Unpaid Minimum Wages (Cal. Lab. Code § 1194;**<br>2. **Unpaid Overtime Wages (Cal. Lab. Code § 510);**<br>3. **Itemized Wage Statement Violations (Cal. Lab. Code § 226);**<br>4. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203);**<br>5. **Private Attorneys General Act Penalties (Cal. Lab. Code § 2699); and**<br>6. **Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;**<br><br>**JURY TRIAL REQUESTED** |

1    Plaintiffs JOSEPH VIERRA, and KEVIN WOODRUFF ("Named Plaintiffs"), by and

2  through their attorneys, on behalf of themselves and classes of those similarly situated, and the

3  general public, hereby complain against Defendant TIMEC COMPANY, INC. dba

4  TRANSFIELD SERVICES (hereinafter referred to as "Defendant" or "Timec"), a corporation

5  doing business in California, as follows:

6                            **JURISDICTION AND VENUE**

7    1.    This Court has original jurisdiction over the first through sixth claims for relief

8  under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because those claims involve class

9  actions in which: (1) there are 100 or more members in each of the proposed classes; (2) at least

10  some members in each of the proposed classes have a different citizenship from Defendant; and

11  (3) the claims of the proposed class members in each of the proposed classes exceed $5,000,000

12  in the aggregate.  This Court also has diversity jurisdiction over this action under 28 U.S.C.

13  § 1332(a).

14    2.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

15  § § 2201 and 2202.

16    3.    The Northern District of California has personal jurisdiction over this matter

17  because Defendant is doing business here, in this District, and because many of the acts

18  complained of herein occurred in this District and gave rise to the claims alleged.

19    4.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.

20  § 1391(b) and (c) because Defendant may be found in this District and because a substantial part

21  of the events giving rise to the claims presented in this Complaint occurred in this District.

22    5.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the

23  San Francisco Division is proper.

24                              **SUMMARY OF CLAIMS**

25    6.    Named Plaintiffs are current and former Timec employees who worked in

26  unskilled maintenance positions for Timec at various oil and gas refineries throughout California.

27    7.    Plaintiffs Vierra and Woodruff bring a class and representative action under

28  California's Labor Code and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

based on Defendant's violations of California's wage and hour laws, on behalf of themselves and all persons who were, are, or will be employed by Defendant in California as Safety Attendants, Laborers or General Helpers (hereinafter "Timec Field Employees") at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (hereinafter the "California Class").

8.     Plaintiffs Vierra and Woodruff allege that at all relevant times Defendant had a policy and practice of willfully failing to pay them and all California Class members regular, premium and/or double-time pay for all regular and overtime hours worked, in violation of California law.

9.     In addition, Plaintiffs Vierra and Woodruff allege that at all relevant times, pursuant to its policies and practices, Defendant willfully failed to keep and provide adequate work and/or payroll records as required by law, willfully failed to provide all wages due upon termination of employment, and willfully failed to provide accurate wage statements.

10.    Plaintiffs Vierra and Woodruff allege that Defendant's practices are in direct violation of California's wage and hour laws, as described in greater detail below.  On behalf of themselves and all California Class members, Plaintiffs Vierra and Woodruff seek injunctive and declaratory relief; damages, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; penalties as provided for by the relevant provisions of the California Labor Code; restitution, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; pre-judgment and post-judgment interest; and reasonable attorney's fees, costs, and expenses of this action.

## **PARTIES**

11.    Plaintiff Vierra is a natural person who is a resident of California.  Plaintiff Vierra was employed by Defendant as a Timec Field Employee from on or about March 1, 2010 through on or about December 6, 2012.  As a Timec Field Employee, Plaintiff Vierra worked on general maintenance projects at refineries in Richmond, Benicia and Martinez in California.

12.    Plaintiff Woodruff is a natural person who is a resident of California.  Plaintiff Woodruff has been employed by Defendant as a Timec Field Employee since January 2014.  As

1  a Timec Field Employee, Plaintiff Woodruff worked on general maintenance projects at a

2  Richmond, California refinery.

3          13.     Defendant Timec is an international operations, maintenance and construction

4  services business, operating, among other areas, in the resources, energy, and industrial sectors,

5  incorporated in Delaware and headquartered in Texas, doing business in the State of California,

6  including in this judicial district.  The company provides general maintenance services to oil and

7  gas refineries nationwide.  According to the website of Transfield Services, at the time of

8  Timec's purchase by Transfield Services in 2007, "TIMEC service[d] 39 of the 150 refineries in

9  the U.S. and its strong and longstanding customer base include[d] some of the largest oil and gas

10  companies in the world – including ConocoPhillips, Chevron, ExxonMobil and Shell."  Further,

11  "TIMEC's revenue in the 2006 calendar year was US$245 million, and strong double digit

12  growth rates [was] expected from this strategic acquisition."  According to the company's

13  website, as of August 21, 2014, it "employ[s] more than 19,000 people across 18 industries and

14  10 countries."  In this pleading, "Defendant" means "Timec Company, Inc." and all domestic

15  affiliates and subsidiaries.

16                          **GENERAL FACTS AND ALLEGATIONS**

17          14.     In California, Timec operates and manages the Chevron refineries in Richmond

18  and El Segundo, the Valero refinery in Benicia, and the Shell refinery in Martinez, among others.

19          15.     Vierra was employed by Timec from on or about March 1, 2010 through on or

20  about December 6, 2012.  He was employed at the Chevron refinery in Richmond, the Shell

21  refinery in Martinez, and the Valero refinery in Benicia as a Field Employee.  Vierra provided

22  general labor assistance to skilled workers involved in refinery maintenance.  Woodruff has been

23  employed by Timec from on or about January, 2014 through the present time.  Woodruff has

24  been employed at the Chevron refinery in Richmond as a Field Employee.  He provides general

25  labor assistance to skilled workers involved in refinery maintenance. At each of the facilities at

26  which Vierra and Woodruff worked for Timec, Field Employees, including Vierra and Woodruff,

27  were required by Timec to arrive at their assigned refinery early in the morning prior to their shift

28  start time, to "badge in," to wait for and then take a bus or other transportation to the specific

1  location of the refinery site where they would be working that day, to get dressed into their safety

2  uniforms, including coveralls, hard-hats and safety gauges, and then to sign in to start getting

3  paid for the day.

4       16.    During the time period that Vierra and Woodruff worked for Timec, Field

5  Employees, including Vierra and Woodruff, were not paid for the time they were required to be

6  present between badging in and signing in for the day, which on average amounted to between 30

7  minutes to one hour per day.

8       17.    On information and belief, Timec's employment practice of failing to pay Timec

9  Field Employees for the time between badging in and signing in applies uniformly at all of

10 Timec's operations in California and nationwide.

11                           **CALIFORNIA CLASS ACTION ALLEGATIONS**

12      18.    Plaintiffs Vierra and Woodruff re-allege and incorporate by reference herein all

13 allegations previously made in Paragraphs 1 through 17, above.

14      19.    The Plaintiffs bring the First, Second, Third, Fifth, and Sixth causes of action

15 under the California Labor Code and the UCL for Defendant's violations of California's wage

16 and hour laws on behalf of the following proposed class, the members of which have all been

17 damaged by Defendant's above-described conduct, and who are referred to herein as the

18 "California Class:"

19           All persons who worked for Defendant at a refinery in California in
             the four years prior to the filing of the initial Complaint, up through

20           the certification of this action, as Safety Attendants, Laborers or
             General Helpers (the "California Class").

21      20.    Plaintiff Vierra brings the Fourth Cause of Action under California's wage and

22 hour laws on behalf of the following proposed sub-class, the members of which have all been

23 damaged by Defendant's above-described conduct, and who are referred to herein as the

24 "California Subclass:":

25

26           All members of the California Class who have separated from
             employment with Timec within the statute of limitations period

27           applicable to claims under Section 203 of the California Labor
             Code. (California Subclass).

28

21.     The proposed California Class and Subclass are brought, and may properly be maintained, as class actions under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and/or as a representative action pursuant to California Business & Professions Code Section 17200, which must comply with the same class action certification requirements as Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).  Pursuant to those requirements, the California Class and the California Subclass are so numerous that joinder of all members is impracticable.  Common questions of law and fact exist as to all members of the California Class and Subclass that predominate over any questions affecting individual members, including:

a.     Whether Defendant violated California Labor Code § § 510 & 1194 and the California Business & Professions Code Section 17200 by failing to pay regular wages and/or premium compensation to the California Class members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day;

b.     Whether Defendant violated California Labor Code § 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to California Class members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

c.     Whether Defendant violated California Labor Code § § 201-203 by failing to provide all wages earned and due at the time of termination to California Subclass members; and,

d.     The proper measure of damages sustained by members of the California Class and the California Subclass, and the restitution owed to them.

22.     Plaintiffs Vierra and Woodruff's claims are typical of those of the California Class.  Plaintiffs, like other members of the California Class, were subjected to Defendant's policy and practice of failing to pay regular and overtime compensation, and failing to maintain and provide accurate itemized wage statements, all in violation of California law.  Plaintiffs' job

5

1    duties and compensation were also typical of other members of the California Class.

2        23.    Plaintiffs Vierra and Woodruff will fairly and adequately represent and protect the

3    interests of the putative members of the California Class and Subclass because they have no

4    disabling conflict(s) of interest that would be antagonistic to those of the other class members.

5    Plaintiffs have retained counsel who are competent and experienced in class action wage and

6    hour litigation.

7        24.    Timec has acted on grounds that apply generally to the California Class and

8    California Subclass in that it has common policies and practices of (a) refusing to pay regular and

9    overtime compensation, (b) failing to maintain and provide accurate itemized wage statements to

10   all members of the California Class, and (c) failing to pay all wages due and payable at the time

11   of termination to members of the California Subclass.  Accordingly, injunctive and declaratory

12   relief is appropriate for the California Class as a whole.

13       25.    Class treatment is superior to alternative methods to adjudicate this dispute

14   because Plaintiffs Vierra and Woodruff and the similarly situated employees suffered similar

15   treatment and harm as a result of systematic policies and practices, and because absent a class

16   action, Defendant's unlawful conduct will likely continue un-remedied and unabated given that

17   the damages suffered by individual class members are small compared to the expense and burden

18   of individual litigation.  Class certification is also superior because it will obviate the need for

19   unduly duplicative litigation which might result in inconsistent judgments about Defendant's

20   practices.

21                          **FIRST CAUSE OF ACTION**

22        **(Failure To Pay Minimum Wages, Cal. Labor Code § § 218.6, 1194, 1194.2, 1197)**

23       26.    Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the

24   California Class, re-allege and incorporate by reference all allegations previously made in

25   Paragraphs 1 through 25 above as if fully set forth herein.

26       27.    Throughout the Class Period, Section 1197 of the Labor Code has required

27   employers such as Defendant to pay minimum wages to their employees, such as Plaintiffs Vierra

28   and Woodruff and all California Class members, at or above the rate fixed by the Wage Order for

1    all hours worked.  Between January 1, 2008 and July 1, 2014, the minimum wage in California
2    was $8.00 per hour.  As of July 1, 2014, the minimum wage in California has been $9.00 per
3    hour.

4         28.     As detailed above, Plaintiffs Vierra and Woodruff and all California Class
5    members have been required, suffered, or permitted to work hours, and have worked hours,
6    during the period covered by this action for which they have not been paid the required minimum
7    wage.

8         29.     Plaintiffs allege that as a result of Defendant's policy and practice of not paying
9    for all time actually worked, and the other policies and practices alleged above, Defendant has
10   failed to pay Plaintiffs Vierra and Woodruff and all California Class members the applicable
11   minimum wage for all their hours worked each week.

12        30.     Defendant's failure to pay the minimum wage to Plaintiffs Vierra and Woodruff
13   and all California Class members as required by law permits a civil action to recover the unpaid
14   balance of the minimum that they were required to be paid, as well as interest thereon, reasonable
15   attorney's fees, costs of suit, and liquidated damages, under California Labor Code sections
16   218.6, 1194, and 1194.2.

17                                   **SECOND CAUSE OF ACTION**
18          **(Failure To Pay Overtime Wages, Cal. Labor Code § § 510, 1194)**

19        31.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the
20   California Class, re-allege and incorporate by reference all allegations previously made in
21   Paragraphs 1 through 30 above as if fully set forth herein.

22        32.     As detailed above, Defendant had a policy and practice of not paying Plaintiffs
23   Vierra and Woodruff and all California Class members for all overtime hours worked.  Further,
24   during all time periods relevant to this Complaint, Defendant required Plaintiffs Vierra and
25   Woodruff and all California Class members to work in excess of eight (8) hours in a single day,
26   and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a
27   single week.

28   ///

33.     Plaintiffs Vierra and Woodruff and all California Class members did in fact routinely work in excess of eight (8) hours in a single day, and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a single week.

34.     It is unlawful for an employer to fail to compensate non-exempt employees at a rate of not less than the California statutory minimum wage rate for each hour worked up to forty (40) hours in a work week or eight hours in a work day, or to engage, suffer, or permit an employee to work in excess of eight (8) hours per workday, twelve (12) hours per workday, or forty (40) hours per workweek without paying premium wages as required by California law. Cal. Lab. Code §§ 510, 1194.  California Labor Code § 1194 entitles an employee to recover in a civil action the unpaid balance of minimum wages and overtime compensation, including interest, attorney's fees, and costs.

35.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs Vierra and Woodruff and the members of the proposed California Class have sustained damages in the form of unpaid overtime wages in an amount to be established at trial, and are further entitled to pre-judgment interest, recovery of the costs of suit, and reasonable attorney's fees.

**THIRD CAUSE OF ACTION**

**(Inaccurate Wage Statements, Cal. Labor Code §§ 226, 1174)**

36.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 35 above as if fully set forth herein.

37.     Defendant knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiffs Vierra and Woodruff and the California Class members in accordance with California Labor Code Section 226.  Such failure caused injury to Plaintiffs Vierra and Woodruff and all California Class Members.

38.     Defendant also knowingly and intentionally failed to maintain records of hours worked by Plaintiffs Vierra and Woodruff and all California Class members in accordance with California Labor Code Section 1174(d).  Such failure caused injury to Plaintiffs Vierra and

1  Woodruff and all California Class members by, among other things, not being paid all wages due,

2  not knowing how many hours he or she worked, and being required to file this action to recover

3  their wages and determine the amount of hours worked and wages due.

4         39.    Plaintiffs Vierra and Woodruff and all California Class members are entitled to,

5  and do hereby seek, injunctive relief requiring Defendant to comply with Labor Code Sections

6  226(a) and 1174(d); and the greater of all actual damages or fifty dollars ($50.00) for the initial

7  pay period in which a violation occurs and one-hundred dollars ($100.00) per employee for each

8  violation in each subsequent pay period, pursuant to Labor Code Section 226(e).

9                           **FOURTH CAUSE OF ACTION**

10  **(Waiting Time Penalties, Cal. Labor Code §§ 201-203, Brought by Plaintiff Vierra, on Behalf of Himself and a Subclass of the California Class)**

11         40.    Plaintiff Vierra, on behalf of himself and a Subclass of the California Class, re-

12  alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 39

13  above as if fully set forth herein.

14         41.    Under California Labor Code § 201, if an employer discharges an employee, all

15  wages earned and unpaid at the time of the discharge are due and payable immediately.  Under

16  California Labor Code § 202, if an employee quits, all wages are due and payable not later than

17  72 hours thereafter (or immediately at the time of quitting if the employee has given 72 hours

18  previous notice of the intention to quit).

19         42.    Defendant willfully failed to pay, within the time constraints imposed by Labor

20  Code §§ 201 and 202, all overtime compensation due to the Plaintiff Vierra and California Class

21  members whose employment has terminated.

22         43.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

23  herein, Plaintiff Vierra and the subclass comprised of terminated members of the California Class

24  have sustained damages, including loss of earnings, in an amount to be established at trial.

25         44.    As penalties for these violations, Plaintiff Vierra and the subclass comprised of

26  terminated members of the California Class are entitled to and seek to recover up to thirty (30)

27  days of their wages at their regular rates, as provided by California Labor Code § 203.

28

**FIFTH CAUSE OF ACTION**
**(Private Attorneys General Act, Labor Code § 2699)**

45.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 44 above as if fully set forth herein.

46.     Under the Private Attorneys General Act of 2006, Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties.  These penalties are in addition to any other relief available under the Labor Code.

47.     As set forth above, Defendant has committed numerous violations for which the Labor Code provides for penalties, including violations of §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2.

48.     The Plaintiffs have provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemporaneous with the filing of this complaint.  Thirty-three days have passed since the postmark date of the written notice to the LWDA and Plaintiffs have not received notification from the LWDA that it intends to investigate the alleged violations.  Accordingly, Plaintiffs have exhausted administrative remedies as required by Labor Code Section 2699.3.

49.     As a direct result of Defendant's conduct as described, Plaintiffs are entitled to recover, on their own behalf and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of Labor Code §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2, as well as reasonable attorney's fees and costs.

**SIXTH CAUSE OF ACTION**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,)**

50.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 49 above as if fully set forth herein.

///

10

51.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which include, but are not limited to, any unlawful business practice or act.

52.     The policies, acts and practices described herein were and are an unlawful business act or practice because Defendant's failure to pay minimum wage and overtime, failure to pay all wages due upon termination of employment, and failure to provide accurate wage statements violate the California Labor Code, including, but not limited to, Sections 201, 202, 203, 226.7, 510, and 1194, applicable Wage Orders of the IWC, and other provisions of California common and/or statutory law.  These violations were and are willful.  Each of these violations constitutes an independent and separate violation of the UCL.

53.     The unfair competition prohibited by Section 17200 also prohibits unfair business practices or acts.

54.     The policies, acts or practices described herein were, and are, unfair business acts or practices because any justifications for Defendant's unlawful and unfair conduct were, and are, vastly outweighed by the harm such conduct caused to Plaintiffs Vierra and Woodruff and all California Class members.

55.     The unlawful and unfair business practices and acts of Timec, described above, have injured Plaintiffs Vierra and Woodruff and the California Class members in that they were wrongfully denied the payment of earned regular and overtime wages.

56.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all California Class members, seek recovery of attorney's fees and costs of this action to be paid by Timec, as provided by California Labor Code § 1194 and California Code of Civil Procedure § 1021.5.

57.     Plaintiffs Vierra and Woodruff, on behalf of themselves and all California Class members, seek restitution in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

///

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs Vierra and Woodruff, on behalf of themselves and all members of the California Class and Subclass, pray for judgment and the following specific relief against Timec as follows:

1. Certification of this action as a class action on behalf of the proposed Class and Subclass;

2. Designation of Plaintiffs Vierra and Woodruff as Representatives of the Class, and designation of Plaintiff Vierra as Representative of the Subclass;

3. A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and a declaration that:

      a.    Defendant is found to have violated Cal. Labor Code § 201;

      b.    Defendant is found to have violated Cal. Labor Code § 202;

      c.    Defendant is found to have violated Cal. Labor Code § 203;

      d.    Defendant is found to have violated Cal. Labor Code § 226.7;

      e.    Defendant is found to have violated Cal. Labor Code § 510;

      f.    Defendant is found to have violated Cal. Labor Code § 1174;

      g.    Defendant is found to have violated Cal. Labor Code § 1194; and,

      h.    Defendant is found to have violated applicable IWC Wage Orders.

4. An award of damages, according to proof, to be paid by Defendant;

5. Penalties and liquidated damages available under applicable law, including Cal. Labor Code 203, 226.7, 1194.2 and 2699;

6. Appropriate equitable and injunctive relief to remedy Defendant's violation of California law, including but not limited to an order enjoining Defendant from continuing its unlawful practices;

7. Restitution, according to proof, to be paid by Timec;

8. Pre-judgment and post-judgment interest, as provided by law, including but not limited to Cal. Lab. Code § 218.6 and Cal. Bus. & Prof. Code § 17203;

1    9.     Costs of action incurred herein, including expert fees;

2    10.    Attorney's fees, including fees pursuant to Cal. Code of Civ. P. § 1021.5 and

3    California Labor Code §§ 1194 and 2699; and,

4    11.    Such other legal and equitable relief as this Court deems necessary, just, and

5    proper.

6
7    DATED:  November 21, 2014              RUDY, EXELROD, ZIEFF & LOWE, LLP

8                                          By:   _/s/ John T. Mullan_____
9                                               JOHN T. MULLAN
                                                RUDY, EXELROD, ZIEFF & LOWE, LLP
10                                              351 California Street, Suite 700
                                                San Francisco, CA  94104
11                                              Telephone: (415) 434-9800
                                                Facsimile:  (415) 434-0513
12
13                                              Jay T. Jambeck
                                                Mandy G. Leigh
14                                              Elizabeth Pacheco
                                                LEIGH LAW GROUP
15                                              870 Market Street, Suite 1157
                                                San Francisco, CA  94102
16                                              Telephone: (415) 399-9155
                                                Facsimile:  (415) 795-3733
17
18                                              *Attorneys for Plaintiffs*
19                                              *JOSEPH VIERRA and KEVIN WOODRUFF,*
                                                *and all others similarly situated*
20
21
22
23
24
25
26
27
28

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Named Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

DATED: November 21, 2014          RUDY, EXELROD, ZIEFF & LOWE, LLP


By:   _/s/ John T. Mullan_____
          JOHN T. MULLAN
          RUDY, EXELROD, ZIEFF & LOWE, LLP
          351 California Street, Suite 700
          San Francisco, CA  94104
          Telephone: (415) 434-9800
          Facsimile:  (415) 434-0513

          Jay T. Jambeck
          Mandy G. Leigh
          Elizabeth Pacheco
          LEIGH LAW GROUP
          870 Market Street, Suite 1157
          San Francisco, CA  94102
          Telephone: (415) 399-9155
          Facsimile:  (415) 795-3733

          *Attorneys for Plaintiffs*
          *JOSEPH VIERRA and KEVIN WOODRUFF,*
          *and all others similarly situated*

14