| | |
|---|---|
| 1 | LINDBERGH PORTER, Bar No. 100091 |
| | lporter@littler.com |
| 2 | ROBERT L. ZALETEL, Bar No. 96262 |
| | rzaletel@littler.com |
| 3 | TARUN MEHTA, Bar No. 262886 |
| | tmehta@littler.com |
| 4 | LITTLER MENDELSON, P.C. |
| | 650 California Street |
| 5 | 20th Floor |
| | San Francisco, California  94108.2693 |
| 6 | Telephone:    415.433.1940 |
| | Facsimile:    415.399.8490 |
| 7 | |
| 8 | Attorneys for Defendant |
| | TIMEC COMPANY, INC. d/b/a TRANSFIELD |
| | SERVICES, LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated, | CASE NO. 3:14-CV-04105-EMC |
| Plaintiffs, | **STIPULATION AND P~~ROPOSED~~ PROTECTIVE ORDER** |
| vs. | |
| TIMEC COMPANY, INC. and TRANSFIELD SERVICES, LTD., and DOES 1 through 100 Inclusive, | |
| Defendants. | |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

STIPULATION & PROTECTIVE ORDER

1    This agreement is entered into by and between the undersigned attorneys on behalf of their respective clients, JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated ("Plaintiffs") and TIMEC COMPANY, INC. d/b/a TRANSFIELD SERVICES, LTD. ("Defendant").

Plaintiffs and Defendant (hereinafter "Parties") have or will request the production of certain documents for inspection and copying, and will take depositions in conjunction with discovery in this litigation, and

These documents and depositions could include sensitive, confidential and/or proprietary information and records including, but not limited to, employee personnel records, including employee evaluations, employee earnings records, sales figures, training materials, employee contact information, and employer manuals and procedures and policy manuals (hereinafter "Confidential Material").

Prejudice or harm could come to employees and former employees of Defendant if their personal and contact information is disclosed to third parties, and their rights of privacy under the California and federal constitutions could be jeopardized. Defendant could suffer harm to its business and competitive advantage if its sales figures, schedules, staffing plans, policies, proprietary training materials, and other confidential business information were disclosed to its competitors. A protective order is necessary to protect the interests of Plaintiffs and Defendant against dissemination of confidential and proprietary information.

Copies of Confidential Material, including portions of depositions and deposition transcripts and exhibits, will be marked "Confidential" on the document, or on the record at the deposition.

Confidential documents and/or depositions, and deposition transcripts and exhibits, all copies thereof, and any summaries, charts or notes made therefrom that reveal Confidential Material, and any facts or information contained therein or derived therefrom that reveal Confidential Material, shall be disclosed only to the Court and/or to: (a) the parties; (b) counsel for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts or consultants retained by one or more of the parties to this action or their

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

STIPULATION & PROTECTIVE ORDER

counsel, to assist in preparation of this action for trial; (d) deponents and their counsel; (e) stenographic reporters and videographers who are involved in depositions, the trial or any hearings or proceedings before the Court in this action; and (f) witnesses at the trial of this action.

No person authorized hereunder to view copies of Confidential Material, or to make notes therefrom, may disclose any portion of the subject matter or contents of either to any person not authorized hereunder. Experts and consultants and witnesses shown Confidential Material must sign the attached acknowledgement agreeing to be bound by this Order.

The Confidential Material, copies of any portion of the Confidential Material itself, and all notes arising from examination of said Confidential Material that might reveal Confidential Material, as well as discussions of the contents therein, shall be used only in connection with the instant case, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever, unless such Confidential Material is independently discovered in another proceeding. Within 60 days following the conclusion of this action, including appeals, if any, the parties and their counsel, upon written request of the other party, shall destroy or return all Confidential Materials and provide notice to the other parties' attorneys of record.

The inadvertent production by any of the undersigned parties or non-parties to the proceedings of any document, testimony or information during discovery in this proceeding without a Confidential designation, shall be without prejudice to any claim that such item is Confidential and such party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony or information that is subject to a Confidential designation is inadvertently produced without such designation, the party that inadvertently produced the document shall notify the non-designating party of the inadvertent nature of the production, and request that the non-designating party apply a "Confidential" stamp to the Confidential material inadvertently produced. The non-designating party shall comply with this request and shall treat the document as if it were produced with the "Confidential" designation. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony or information, such law shall govern.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

2.            STIPULATION & PROTECTIVE ORDER

1   In the event that counsel for a party receiving documents, testimony or information in discovery designated as Confidential objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the designating party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). If the parties cannot reach an informal resolution with respect to the Designation Objections, the non-designating party shall have the option to file a motion with the Court challenging the Confidentiality designation(s) at issue (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Motion shall remain in place.

This Protective Order is without prejudice to reconsideration by the Court as discovery continues.

The Parties may request that Confidential Material be filed under seal. However, any such request shall be subject to approval by the Court, for "compelling reasons," upon noticed motion, pursuant to Local Rule 79-5, under the standards set forth in *Kamakana v. Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Parties may first meet and confer prior to any filing of Confidential Material as to whether or not the Parties should request that the Confidential Material be filed under seal.

Any Party may move the Court for relief from, or modification of, this order at any time, and each Party reserves the right to contend in any such motion that documents produced by another Party and information contained therein are not confidential. This stipulation does not constitute an admission as to the admissibility of any Confidential Material at trial.

In the event any third parties serve a subpoena or document request in other litigation to a party holding Confidential Material in this case, the party subject to the subpoena or document request will promptly notify the other party that produced the Confidential Material to allow that party to file objections or otherwise attempt to prevent disclosure of the Confidential Material to the third party, and will not produce the Confidential Material to the third party until legally required to do so.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

3.    STIPULATION & PROTECTIVE ORDER

The Parties agree to act in good faith in designating Confidential Material and agree not to use this Stipulation for any purpose other than as stated herein. The parties agree to make a good faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "Confidential" must be narrowly tailored to include only materials for which there is good cause.

DATED: February 12, 2015

/s/ Robert L. Zaletel
LINDBERGH PORTER
ROBERT L. ZALETEL
TARUN MEHTA
LITTLER MENDELSON, P.C.

Attorneys for Defendant
TIMEC COMPANY, INC. d/b/a
TRANSFIELD SERVICES, LTD

DATED: February 12, 2015

/s/ Jay T. Jambeck
JAY T. JAMBECK
LEIGH LAW GROUP

Attorneys for Plaintiffs
JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

4.   STIPULATION & PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of JOSEPH VIERRA and KEVIN WOODRUFF v. TIMEC COMPANY, INC. d/b/a TRANSFIELD SERVICES, LTD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

5.       STIPULATION & PROTECTIVE ORDER

**[PROPOSED] ORDER**

For good cause appearing, it is SO ORDERED.

Dated: 2/13/15

_____
DISTRICT COURT JUDGE



LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

(CASE NO. 3:14-CV-04105-EMC)
FIRMWIDE:131301725.3 052001.1047

6.   STIPULATION & PROTECTIVE ORDER