JOHN T. MULLAN (SBN: 221149)
CHAYA M. MANDELBAUM (SBN: 239084)
ERIN M. PULASKI (SBN: 270998)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
Email: jtm@rezlaw.com
Email: cmm@rezlaw.com
Email: emp@rezlaw.com

JAY T. JAMBECK (SBN: 226018)
MANDY G. LEIGH (SBN: 225748)
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA  94102
Telephone: (415) 399-9155
Facsimile:  (415) 795-3733
Email: jjambeck@leighlawgroup.com
Email: mleigh@leighlawgroup.com
Email: epacheco@leighlawgroup.com

Attorneys for Plaintiffs JOSEPH VIERRA
and KEVIN WOODRUFF,
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMEC COMPANY, INC. dba TRANSFIELD SERVICES, a corporation,<br><br>Defendant. | Case No. CV 3:14-cv-04105 EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR CONTINUANCE OF HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

1   Plaintiffs Joseph Vierra and Kevin Woodruff ("Plaintiffs") and Defendant Timec
2   Company, Inc. dba Transfield Services ("Defendant"), by and through their attorneys of record,
3   hereby stipulate as follows:
4   WHEREAS, this case was initiated on September 10, 2014 when Plaintiffs filed their
5   Class Action Complaint;
6   WHEREAS, the case was reassigned to the Honorable Edward M. Chen on November 18,
7   2014 following Defendant's November 17, 2014 filing of its Declination to Proceed Before a
8   Magistrate Judge;
9   WHEREAS, in or around December 2012, the parties agreed to pursue early mediation of
10  the case and to conduct limited discovery in advance of the mediation;
11  WHEREAS, following the exchange of initial discovery and meet and confer efforts
12  between the parties, a *Belaire* notice was mailed out to putative class members on or around May
13  12, 2015, and a class list was provided to counsel for Plaintiffs on or around June 18, 2015;
14  WHEREAS, the parties engaged in further limited discovery efforts, including meeting
15  and conferring on a plan for further discovery and class sampling, and the production of
16  additional documents, between May and August 2015.
17  WHEREAS, a private mediation took place with mediator Jeff Ross on September 22,
18  2015;
19  WHEREAS, the parties were unable to reach agreement at the mediation, but they did
20  clarify issues that affect their positions and identify additional information and documents to
21  enable them to move forward, and agreed that further settlement discussions would be productive
22  after the production of the additional records and information by Defendant;
23  WHEREAS, Defendant agreed to produce additional records and information including
24  timesheets and payroll records for a sample of the putative class members, and provided
25  Plaintiff's counsel with an initial production of documents on November 4, 2015, with additional
26  documents to be produced beginning the week of November 9, 2015 and thereafter as they
27  become available;
28  ///

1  WHEREAS, the parties have agreed to renew settlement discussions once counsel for
2 Plaintiff has had sufficient time to review and analyze the new information and records to be
3 produced by Defendant;

4  WHEREAS, if the parties cannot reach a settlement agreement in this matter, it is
5 Plaintiff's position that additional discovery will need to be conducted in advance of Plaintiffs
6 preparing their motion for class certification;

7  WHEREAS, at the Case Management Conference held on January 22, 2015, the Court set
8 January 15, 2016 as the hearing date for the class certification motion, and a further CMC was
9 scheduled for October 8, 2015 [ECF No. 29];

10  WHEREAS, on October 5, 2015, the Court continued the further CMC to December 10,
11 2015, at the request of the parties [ECF No. 35], but did not specifically address the class
12 certification hearing date, which, if left unchanged, would require the filing of motion papers by
13 December 11, 2015, the day after the further CMC.

14  WHEREAS, the class certification hearing currently set for January 15, 2016 does not
15 allow sufficient time to conduct additional discovery in the event that the parties' further
16 settlement discussions are not fruitful;

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

IT IS HEREBY STIPULATED, by and between Plaintiffs and Defendant, through their respective counsel of record, that the hearing on Plaintiffs' motion for class certification (currently set for January 15, 2016) should be vacated and re-set to take place on a date which is convenient for the Court, but that is no earlier than April 15, 2016. It is further stipulated that all deadlines related to Plaintiffs' motion for class certification should be extended accordingly.

**IT IS SO STIPULATED.**

DATED: November 9, 2015

*/s/ John T. Mullan*
JOHN T. MULLAN
ERIN M. PULASKI
RUDY, EXELROD, ZIEFF & LOWE, LLP
*Attorneys for Plaintiffs*
*Joseph Vierra and Kevin Woodruff, and all others similarly situated*

DATED: November 9, 2015

*/s/ Robert Zaletel*
LINDBERGH PORTER
ROBERT ZALETEL
LITTLER MENDELSON
*Attorneys for Defendant*
Timec Company, Inc. dba Transfield Services

**ECF ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**IT IS SO ORDERED.** The motion for class certification shall be heard on 4/21/16 at 1:30 p.m. Parties shall follow the civil local rule regarding notice requirement and may stipulate to a briefing schedule outside the normal 35 day notice.

DATED: 11/10/15

HON. EDWARD M. CHEN
United States District Court Judge

*IT IS SO ORDERED AS MODIFIED*
*Judge Edward M. Chen*