JOHN T. MULLAN (SBN 221149)
CHAYA M. MANDELBAUM (SBN 239084)
MICHELLE G. LEE (SBN 266167)
ERIN M. PULASKI (SBN 270998)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: jtm@rezlaw.com
Email: cmm@rezlaw.com
Email: emp@rezlaw.com

Attorneys for Plaintiffs JOSEPH VIERRA
and KEVIN WOODRUFF,
and all others similarly situated

LINDBERGH PORTER, Bar No. 100091
ROBERT L. ZALETEL, Bar No. 96262
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 433-1940
Facsimile: (415) 399-8490
Email: lporter@littler.com
rzaletel@littler.com

Attorneys for Defendant
TIMEC COMPANY, INC. DBA TRANSFIELD SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VIERRA and KEVIN WOODRUFF, on behalf of themselves and classes of those similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>TIMEC COMPANY, INC. dba TRANSFIELD SERVICES, a corporation,<br><br>   Defendant. | Case No. 3:14-cv-04105 EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
Case 3:14-cv-04105-EMC   Document 45   Filed 05/03/16   Page 1 of 19

JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
CASE NO. 3:14-CV-04105 EMC

Plaintiffs Joseph Vierra and Kevin Woodruff ("Plaintiffs") and Defendant Timec Company, Inc. dba Transfield Services ("Defendant"), by and through their attorneys of record, hereby stipulate as follows:

WHEREAS, this putative wage hour class action was initiated on September 10, 2014, when Plaintiffs filed their Class Action Complaint;

WHEREAS, the case was reassigned to the Honorable Edward M. Chen on November 18, 2014;

WHEREAS, in December 2014, the parties agreed to pursue early mediation of the case and to conduct limited discovery in advance of the mediation;

WHEREAS, following the exchange of initial discovery and meet and confer efforts between the parties, a *Belaire* notice was mailed out to putative class members in May 2015, and a class list was provided to counsel for Plaintiffs in June 2015;

WHEREAS, the parties have conducted discovery including requests for documents, interrogatories and depositions;

WHEREAS, two private mediations took place with mediator Jeff Ross on September 22, 2015 and March 2, 2016.  The parties made progress but did not resolve the case;

WHEREAS, the hearing on Motions for Class Certification is set for September 22, 2016, at 1:30 p.m.  There is also a case management conference scheduled for that date;

WHEREAS, Plaintiffs' counsel has lost contact with current named Plaintiff, Joseph Vierra, and Mr. Vierra is not responsive to efforts to reach him, such that it is Plaintiffs' position that it is no longer feasible for him to continue in the role of named Plaintiff;

WHEREAS, Defendant will retain any and all rights it has to later argue that Mr. Vierra's claims should be dismissed with prejudice, and Plaintiffs will retain any and all rights they have to oppose Mr. Vierra's dismissal with prejudice;

WHEREAS, in late 2015, TIMEC COMPANY, INC. changed its name to BROADSPECTRUM DOWNSTREAM SERVICES, INC.;

WHEREAS, the parties hereby stipulate and agree that Plaintiffs should have leave to file a Second Amended Complaint in this lawsuit for purposes of removing Joseph Vierra as a named Plaintiff, and for purposes of substituting BROADSPECTRUM DOWNSTREAM SERVICES, INC., formerly TIMEC COMPANY, INC., as the Defendant in this matter.  Defendant will retain any and all rights it has to later argue that Mr. Vierra's claims should be dismissed with prejudice, and Plaintiffs will retain any and all rights they have to oppose Mr. Vierra's dismissal with prejudice.  Defendant shall have 21 days after service of the Second Amended Complaint to answer or otherwise respond to the amended complaint, and this stipulation is without prejudice to Defendant's defenses to the amended complaint.  A copy of the Proposed Second Amended Complaint is attached hereto as Exhibit A.

DATED:  May 3, 2016                     RUDY, EXELROD, ZIEFF & LOWE, LLP


                                        By:   */s/ John T. Mullan*
                                              JOHN T. MULLAN
                                              Attorneys for Plaintiffs
                                              JOSEPH VIERRA and KEVIN WOODRUFF,
                                              and all others similarly situated


DATED:  May 3, 2016                     LITTLER MENDELSON


                                        By:   */s/ Robert Zaletel*
                                              Robert Zaletel
                                              Attorneys for Defendant
                                              TIMEC COMPANY, INC. DBA
                                              TRANSFIELD SERVICES, LTD.

# [PR~~OPO~~SED] ORDER

Plaintiffs are hereby granted leave to file a Second Amended Complaint in this lawsuit for purposes of removing Joseph Vierra as a named Plaintiff, and for purposes of substituting BROADSPECTRUM DOWNSTREAM SERVICES, INC., formerly TIMEC COMPANY, INC., as the Defendant in this matter.  Defendant shall have 21 days after service of the Second Amended Complaint to answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

DATED: _____5/3_____, 2016        _____
                                       HON. EDWARD M. CHEN

*IT IS SO ORDERED*
*Judge Edward M. Chen*

# Exhibit A

JOHN T. MULLAN (SBN 221149)
CHAYA M. MANDELBAUM (SBN 239084)
MICHELLE G. LEE (SBN 266167)
ERIN M. PULASKI (SBN 270998)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone:   (415) 434-9800
Facsimile:   (415) 434-0513
Email:   jtm@rezlaw.com
Email:   cmm@rezlaw.com
Email:   mgl@rezlaw.com
Email:   emp@rezlaw.com

JAY T. JAMBECK (SBN 226018)
MANDY G. LEIGH (SBN 225748)
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone:   (415) 399-9155
Facsimile:   (415) 795-3733
Email:   jjambeck@leighlawgroup.com
Email:   mleigh@leighlawgroup.com

Attorneys for Plaintiff KEVIN WOODRUFF,
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN WOODRUFF, on behalf of himself and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BROADSPECTRUM DOWNSTREAM SERVICES, INC., formerly TIMEC COMPANY, INC., a corporation,<br><br>Defendant. | Case No.  3:14-cv-04105 EMC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **Unpaid Minimum Wages (Cal. Lab. Code § 1194;**<br>2. **Unpaid Overtime Wages (Cal. Lab. Code § 510);**<br>3. **Itemized Wage Statement Violations (Cal. Lab. Code § 226);**<br>4. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202, 203);**<br>5. Private Attorneys General Act Penalties (Cal. Lab. Code § 2699); and<br>6. **Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200** *et seq.***;**<br><br>/ **JURY TRIAL REQUESTED** |

1  Plaintiff KEVIN WOODRUFF ("Named Plaintiff"), by and through his attorneys, on
behalf of himself and classes of those similarly situated, and the general public, hereby complains
against Defendant BROADSPECTRUM DOWNSTREAM SERVICES, INC., formerly TIMEC
COMPANY, INC. (hereinafter referred to as "Defendant" or "Timec"), a corporation doing
business in California, as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction over the first through sixth claims for relief under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because those claims involve class actions in which: (1) there are 100 or more members in each of the proposed classes; (2) at least some members in each of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members in each of the proposed classes exceed $5,000,000 in the aggregate. This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(a).

2.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  The Northern District of California has personal jurisdiction over this matter because Defendant is doing business here, in this District, and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

4.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant may be found in this District and because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this District.

5.  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco Division is proper.

**SUMMARY OF CLAIMS**

6.  Named Plaintiff is a Timec employee who worked in unskilled maintenance positions for Timec at various oil and gas refineries in California.

7.  Plaintiff Woodruff brings a class and representative action under California's Labor Code and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, based on

Defendant's violations of California's wage and hour laws, on behalf of himself and all persons who were, are, or will be employed by Defendant in California as Safety Attendants, Laborers or General Helpers (hereinafter "Timec Field Employees") at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (hereinafter the "California Class").

8. Plaintiff Woodruff alleges that at all relevant times Defendant had a policy and practice of willfully failing to pay him and all California Class members regular, premium and/or double-time pay for all regular and overtime hours worked, in violation of California law.

9. In addition, Plaintiff Woodruff alleges that at all relevant times, pursuant to its policies and practices, Defendant willfully failed to keep and provide adequate work and/or payroll records as required by law, willfully failed to provide all wages due upon termination of employment, and willfully failed to provide accurate wage statements.

10. Plaintiff Woodruff alleges that Defendant's practices are in direct violation of California's wage and hour laws, as described in greater detail below.  On behalf of himself and all California Class members, Plaintiff Woodruff seeks injunctive and declaratory relief; damages, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; penalties as provided for by the relevant provisions of the California Labor Code; restitution, including unpaid wages due for all regular and overtime work required, suffered or permitted by Defendant; pre-judgment and post-judgment interest; and reasonable attorney's fees, costs, and expenses of this action.

**PARTIES**

11. Plaintiff Woodruff is a natural person who is a resident of California.  Plaintiff Woodruff has been employed by Defendant as a Timec Field Employee at various times since January 2014.  As a Timec Field Employee, Plaintiff Woodruff worked on general maintenance projects at the Chevron Richmond and Valero Benicia refineries.

12. Defendant Timec is an international operations, maintenance and construction services business, operating, among other areas, in the resources, energy, and industrial sectors, incorporated in Delaware and headquartered in Texas, doing business in the State of California,

1  including in this judicial district.  The company provides general maintenance services to oil and
2  gas refineries nationwide.  According to the website of Transfield Services, at the time of
3  Timec's purchase by Transfield Services in 2007, "TIMEC service[d] 39 of the 150 refineries in
4  the U.S. and its strong and longstanding customer base include[d] some of the largest oil and gas
5  companies in the world – including ConocoPhillips, Chevron, ExxonMobil and Shell."  Further,
6  "TIMEC's revenue in the 2006 calendar year was US$245 million, and strong double digit
7  growth rates [was] expected from this strategic acquisition."  According to the company's
8  website, as of August 21, 2014, it "employ[s] more than 19,000 people across 18 industries and
9  10 countries."  In this pleading, "Defendant" means "Timec Company, Inc." and all domestic
10 affiliates and subsidiaries.  Timec Company, Inc. changed its name to Broadspectrum
11 Downstream Services, Inc. in or about late-2015.

## GENERAL FACTS AND ALLEGATIONS

13.     In California, Timec operates and manages the Chevron refineries in Richmond and El Segundo, the Valero refinery in Benicia, and the Shell refinery in Martinez, among others.

14.     Woodruff has been employed by Timec at various times from on or about January, 2014 through the present time.  Woodruff has been employed at the Chevron refinery in Richmond and the Valero refinery in Benicia as a Field Employee.  He provides general labor assistance to skilled workers involved in refinery maintenance. At each of the facilities Woodruff worked for Timec, Field Employees, including Woodruff, were required by Timec to arrive at their assigned refinery early in the morning prior to their shift start time, to "badge in," to wait for and then take a bus or other transportation to the specific location of the refinery site where they would be working that day, to get dressed into their safety uniforms, including coveralls, hard-hats and safety gauges, and then to sign in to start getting paid for the day.

15.     During the time period that Woodruff worked for Timec, Field Employees, including Woodruff, were not paid for the time they were required to be present between badging in and signing in for the day, which on average amounted to between 30 minutes to one hour per day.

16. On information and belief, Timec's employment practice of failing to pay Timec Field Employees for the time between badging in and signing in applies uniformly at all of Timec's operations in California and nationwide.

## CALIFORNIA CLASS ACTION ALLEGATIONS

17. Plaintiff Woodruff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 16, above.

18. The Plaintiff brings the First, Second, Third, Fifth, and Sixth causes of action under the California Labor Code and the UCL for Defendant's violations of California's wage and hour laws on behalf of the following proposed class, the members of which have all been damaged by Defendant's above-described conduct, and who are referred to herein as the "California Class:"

> All persons who worked for Defendant at a refinery in California in the four years prior to the filing of the initial Complaint, up through the certification of this action, as Safety Attendants, Laborers or General Helpers (the "California Class").

19. Plaintiff brings the Fourth Cause of Action under California's wage and hour laws on behalf of the following proposed sub-class, the members of which have all been damaged by Defendant's above-described conduct, and who are referred to herein as the "California Subclass:":

> All members of the California Class who have separated from employment with Timec within the statute of limitations period applicable to claims under Section 203 of the California Labor Code. (California Subclass).

20. The proposed California Class and Subclass are brought, and may properly be maintained, as class actions under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and/or as a representative action pursuant to California Business & Professions Code Section 17200, which must comply with the same class action certification requirements as Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). Pursuant to those requirements, the California Class and the California Subclass are

so numerous that joinder of all members is impracticable.  Common questions of law and fact exist as to all members of the California Class and Subclass that predominate over any questions affecting individual members, including:

    a.    Whether Defendant violated California Labor Code §§ 510 & 1194 and the California Business & Professions Code Section 17200 by failing to pay regular wages and/or premium compensation to the California Class members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day;

    b.    Whether Defendant violated California Labor Code § 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to California Class members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

    c.    Whether Defendant violated California Labor Code §§ 201-203 by failing to provide all wages earned and due at the time of termination to California Subclass members; and

    d.    The proper measure of damages sustained by members of the California Class and the California Subclass, and the restitution owed to them.

21.    Plaintiff Woodruff's claims are typical of those of the California Class.  Plaintiff, like other members of the California Class, was subjected to Defendant's policy and practice of failing to pay regular and overtime compensation, and failing to maintain and provide accurate itemized wage statements, all in violation of California law.  Plaintiff's job duties and compensation were also typical of other members of the California Class.

22.    Plaintiff Woodruff will fairly and adequately represent and protect the interests of the putative members of the California Class and Subclass because he has no disabling conflict(s) of interest that would be antagonistic to those of the other class members.  Plaintiff has retained counsel who are competent and experienced in class action wage and hour litigation.

23. Timec has acted on grounds that apply generally to the California Class and California Subclass in that it has common policies and practices of (a) refusing to pay regular and overtime compensation, (b) failing to maintain and provide accurate itemized wage statements to all members of the California Class, and (c) failing to pay all wages due and payable at the time of termination to members of the California Subclass.  Accordingly, injunctive and declaratory relief is appropriate for the California Class as a whole.

24. Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff Woodruff and the similarly situated employees suffered similar treatment and harm as a result of systematic policies and practices, and because absent a class action, Defendant's unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation.  Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

## **FIRST CAUSE OF ACTION**

**(Failure To Pay Minimum Wages, Cal. Labor Code §§ 218.6, 1194, 1194.2, 1197)**

25. Plaintiff Woodruff, on behalf of himself and all members of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 24 above as if fully set forth herein.

26. Throughout the Class Period, Section 1197 of the Labor Code has required employers such as Defendant to pay minimum wages to their employees, such as Plaintiff Woodruff and all California Class members, at or above the rate fixed by the Wage Order for all hours worked.  Between January 1, 2008 and July 1, 2014, the minimum wage in California was $8.00 per hour.  As of July 1, 2014, the minimum wage in California has been $9.00 per hour.

27. As detailed above, Plaintiff Woodruff and all California Class members have been required, suffered, or permitted to work hours, and have worked hours, during the period covered by this action for which they have not been paid the required minimum wage.

28. Plaintiff alleges that as a result of Defendant's policy and practice of not paying for all time actually worked, and the other policies and practices alleged above, Defendant has failed to pay Plaintiff Woodruff and all California Class members the applicable minimum wage for all their hours worked each week.

29. Defendant's failure to pay the minimum wage to Plaintiff Woodruff and all California Class members as required by law permits a civil action to recover the unpaid balance of the minimum that they were required to be paid, as well as interest thereon, reasonable attorney's fees, costs of suit, and liquidated damages, under California Labor Code sections 218.6, 1194, and 1194.2.

## SECOND CAUSE OF ACTION

### (Failure To Pay Overtime Wages, Cal. Labor Code §§ 510, 1194)

30. Plaintiff Woodruff, on behalf of himself and all members of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 29 above as if fully set forth herein.

31. As detailed above, Defendant had a policy and practice of not paying Plaintiff Woodruff and all California Class members for all overtime hours worked. Further, during all time periods relevant to this Complaint, Defendant required Plaintiff Woodruff and all California Class members to work in excess of eight (8) hours in a single day, and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a single week.

32. Plaintiff Woodruff and all California Class members did in fact routinely work in excess of eight (8) hours in a single day, and/or in excess of twelve (12) hours in a single day, and/or in excess of forty (40) hours in a single week.

33. It is unlawful for an employer to fail to compensate non-exempt employees at a rate of not less than the California statutory minimum wage rate for each hour worked up to forty (40) hours in a work week or eight hours in a work day, or to engage, suffer, or permit an employee to work in excess of eight (8) hours per workday, twelve (12) hours per workday, or forty (40) hours per workweek without paying premium wages as required by California law. Cal. Lab. Code §§ 510, 1194. California Labor Code § 1194 entitles an employee to recover in a

civil action the unpaid balance of minimum wages and overtime compensation, including interest, attorney's fees, and costs.

34.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Woodruff and the members of the proposed California Class have sustained damages in the form of unpaid overtime wages in an amount to be established at trial, and are further entitled to pre-judgment interest, recovery of the costs of suit, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

### (Inaccurate Wage Statements, Cal. Labor Code §§ 226, 1174)

35.     Plaintiff Woodruff, on behalf of himself and all members of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 34 above as if fully set forth herein.

36.     Defendant knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiff Woodruff and the California Class members in accordance with California Labor Code Section 226.  Such failure caused injury to Plaintiff Woodruff and all California Class Members.

37.     Defendant also knowingly and intentionally failed to maintain records of hours worked by Plaintiff Woodruff and all California Class members in accordance with California Labor Code Section 1174(d).  Such failure caused injury to Plaintiff Woodruff and all California Class members by, among other things, not being paid all wages due, not knowing how many hours he or she worked, and being required to file this action to recover their wages and determine the amount of hours worked and wages due.

38.     Plaintiff Woodruff and all California Class members are entitled to, and do hereby seek, injunctive relief requiring Defendant to comply with Labor Code Sections 226(a) and 1174(d); and the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one-hundred dollars ($100.00) per employee for each violation in each subsequent pay period, pursuant to Labor Code Section 226(e).

## FOURTH CAUSE OF ACTION

**(Waiting Time Penalties, Cal. Labor Code §§ 201-203, Brought by Plaintiff, on Behalf of Himself and a Subclass of the California Class)**

39. Plaintiff, on behalf of himself and a Subclass of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 38 above as if fully set forth herein.

40. Under California Labor Code § 201, if an employer discharges an employee, all wages earned and unpaid at the time of the discharge are due and payable immediately.  Under California Labor Code § 202, if an employee quits, all wages are due and payable not later than 72 hours thereafter (or immediately at the time of quitting if the employee has given 72 hours previous notice of the intention to quit).

41. Defendant willfully failed to pay, within the time constraints imposed by Labor Code §§ 201 and 202, all overtime compensation due to the Plaintiff and California Class members whose employment has terminated.

42. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the subclass comprised of terminated members of the California Class have sustained damages, including loss of earnings, in an amount to be established at trial.

43. As penalties for these violations, Plaintiff and the subclass comprised of terminated members of the California Class are entitled to and seek to recover up to thirty (30) days of their wages at their regular rates, as provided by California Labor Code § 203.

## FIFTH CAUSE OF ACTION

**(Private Attorneys General Act, Labor Code § 2699)**

44. Plaintiff Woodruff, on behalf of himself and all members of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 43 above as if fully set forth herein.

45. Under the Private Attorneys General Act of 2006, Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may

recover penalties under any provision of the Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the Labor Code.

46. As set forth above, Defendant has committed numerous violations for which the Labor Code provides for penalties, including violations of §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2.

47. The Plaintiff has provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemporaneous with the filing of this complaint. Thirty-three days have passed since the postmark date of the written notice to the LWDA and Plaintiffs have not received notification from the LWDA that it intends to investigate the alleged violations. Accordingly, Plaintiff has exhausted administrative remedies as required by Labor Code Section 2699.3.

48. As a direct result of Defendant's conduct as described, Plaintiff is entitled to recover, on his own behalf and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of Labor Code §§ 201, 202, 203, 226.7, 510, 1174, 1194 and 1194.2, as well as reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,)**

49. Plaintiff Woodruff, on behalf of himself and all members of the California Class, re-alleges and incorporates by reference all allegations previously made in Paragraphs 1 through 48 above as if fully set forth herein.

50. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which include, but are not limited to, any unlawful business practice or act.

51. The policies, acts and practices described herein were and are an unlawful business act or practice because Defendant's failure to pay minimum wage and overtime, failure to pay all wages due upon termination of employment, and failure to provide accurate wage statements violate the California Labor Code, including, but not limited to, Sections 201, 202,

1  203, 226.7, 510, and 1194, applicable Wage Orders of the IWC, and other provisions of
2  California common and/or statutory law.  These violations were and are willful.  Each of these
3  violations constitutes an independent and separate violation of the UCL.

4       52.     The unfair competition prohibited by Section 17200 also prohibits unfair business
5  practices or acts.

6       53.     The policies, acts or practices described herein were, and are, unfair business acts
7  or practices because any justifications for Defendant's unlawful and unfair conduct were, and are,
8  vastly outweighed by the harm such conduct caused to Plaintiff Woodruff and all California
9  Class members.

10      54.     The unlawful and unfair business practices and acts of Timec, described above,
11 have injured Plaintiff Woodruff and the California Class members in that they were wrongfully
12 denied the payment of earned regular and overtime wages.

13      55.     Plaintiff Woodruff, on behalf of himself and all California Class members, seeks
14 recovery of attorney's fees and costs of this action to be paid by Timec, as provided by California
15 Labor Code § 1194 and California Code of Civil Procedure § 1021.5.

16      56.     Plaintiff Woodruff, on behalf of himself and all California Class members, seeks
17 restitution in the amount of the respective unpaid wages earned and due at a rate of not less than
18 one and one-half times the regular rate of pay for work performed in excess of forty hours in a
19 workweek, or eight hours in a day, and double the regular rate of pay for work performed in
20 excess of twelve hours per day.

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

22      WHEREFORE, Plaintiff Woodruff, on behalf of himself and all members of the
23 California Class and Subclass, prays for judgment and the following specific relief against Timec
24 as follows:

25      1.     Certification of this action as a class action on behalf of the proposed Class and
26 Subclass;

27      2.     Designation of Plaintiff Woodruff as Representative of the Class, and of the
28 Subclass;

3. A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and a declaration that:

    a. Defendant is found to have violated Cal. Labor Code § 201;

    b. Defendant is found to have violated Cal. Labor Code § 202;

    c. Defendant is found to have violated Cal. Labor Code § 203;

    d. Defendant is found to have violated Cal. Labor Code § 226.7;

    e. Defendant is found to have violated Cal. Labor Code § 510;

    f. Defendant is found to have violated Cal. Labor Code § 1174;

    g. Defendant is found to have violated Cal. Labor Code § 1194; and,

    h. Defendant is found to have violated applicable IWC Wage Orders.

4. An award of damages, according to proof, to be paid by Defendant;

5. Penalties and liquidated damages available under applicable law, including Cal. Labor Code 203, 226.7, 1194.2 and 2699;

6. Appropriate equitable and injunctive relief to remedy Defendant's violation of California law, including but not limited to an order enjoining Defendant from continuing its unlawful practices;

7. Restitution, according to proof, to be paid by Timec;

8. Pre-judgment and post-judgment interest, as provided by law, including but not limited to Cal. Lab. Code § 218.6 and Cal. Bus. & Prof. Code § 17203;

9. Costs of action incurred herein, including expert fees;

10. Attorney's fees, including fees pursuant to Cal. Code of Civ. P. § 1021.5 and California Labor Code §§ 1194 and 2699; and

/ / /

/ / /

/ / /

/ / /

/ / /

11. Such other legal and equitable relief as this Court deems necessary, just, and proper.

DATED: May 3, 2016                           RUDY, EXELROD, ZIEFF & LOWE, LLP
                                             LEIGH LAW GROUP


                                             By:   */s/ John T. Mullan*
                                                   JOHN T. MULLAN
                                                   RUDY, EXELROD, ZIEFF & LOWE, LLP

                                                   *Attorneys for Plaintiffs*
                                                   *JOSEPH VIERRA and KEVIN WOODRUFF,*
                                                   *and all others similarly situated*


## JURY DEMAND

Named Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.


DATED:  May 3, 2016                          RUDY, EXELROD, ZIEFF & LOWE, LLP
                                             LEIGH LAW GROUP


                                             By:   */s/ John T. Mullan*
                                                   JOHN T. MULLAN
                                                   RUDY, EXELROD, ZIEFF & LOWE, LLP

                                                   *Attorneys for Plaintiffs*
                                                   *JOSEPH VIERRA and KEVIN WOODRUFF,*
                                                   *and all others similarly situated*