1    LINDBERGH PORTER, Bar No. 100091
     ROBERT L. ZALETEL, Bar No. 96262
2    LITTLER MENDELSON, P.C.
     333 Bush Street, 34th Floor
3    San Francisco, CA  94104
     Telephone: (415) 433-1940
4    Facsimile: (415) 399-8490
     Email: lporter@littler.com
5            rzaletel@littler.com

6    Attorneys for Defendant
     BROADSPECTRUM DOWNSTREAM SERVICES,
7    INC., formerly TIMEC COMPANY, INC.

8    JOHN T. MULLAN, Bar No. 221149
     jtm@rezlaw.com
9    RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
     351 California Street, Suite 700
10   San Francisco, CA 94104
     Telephone:  415.434.9800
11   Fax:  415.434.0513

12   JAY T. JAMBECK, Bar No. 226018
     jjambeck@leighlawgroup.com
13   LEIGH LAW GROUP, P.C.
     870 Market Street, Suite 1157
14   San Francisco, CA 94102

15   Attorneys for Plaintiffs KEVIN WOODRUFF, on behalf
     of himself and classes of those similarly situated

16

17                        UNITED STATES DISTRICT COURT

18                        NORTHERN DISTRICT OF CALIFORNIA

19   KEVIN WOODRUFF, on behalf of himself         CASE NO. 3:14-CV-04105-EMC
     and classes of those similarly situated,
20                                                **[PROPOSED] ORDER GRANTING**
                           Plaintiffs,            **PLAINTIFF'S MOTION FOR**
21                                                **CONDITIONAL CERTIFICATION OF**
                vs.                               **SETTLEMENT CLASS, PRELIMINARY**
22                                                **APPROVAL OF SETTLEMENT, AND**
     BROADSPECTRUM DOWNSTREAM                     **APPROVAL OF CLASS NOTICE AND**
23   SERVICES, INC., formerly TIMEC              **SETTLEMENT ADMINISTRATOR**
     COMPANY, INC., a corporation,
24                                                Date:     December 15, 2016
                           Defendant.            Time:     1:30 p.m.
25                                                Judge:    Hon. Edward M. Chen
                                                 Ctrm.:    Courtroom 5 - 17th Floor
26                                                          450 Golden Gate Avenue
                                                          San Francisco, CA
27

28

1          Plaintiff's Motion for Preliminary Approval of the Class Action Settlement came

2  before this Court on December 15, 2016, the Honorable Edward M. Chen presiding.  The Court,

3  having considered the papers submitted in support of the application of the parties,ˆHEREBY

                          and for the reasons stated on the record,

4  ORDERS THE FOLLOWING:

5          1.     The Court grants preliminary approval of the Settlement and the Settlement

6  Class based upon the terms set forth in the Amended Stipulation and Agreement of Compromise and

7  Settlement ("Settlement Agreement"), attached to the Supplemental Declaration of John T. Mullan

8  as **Exhibit 1**.  The Settlement appears to be fair, adequate, and reasonable to the Class.

9          2.     The Settlement falls within the range of reasonableness and appears to be

10  valid, subject only to any objections that may be raised at the final fairness hearing and final

11  approval by this Court.  The Court finds and concludes that the Settlement is the result of arms-

12  length negotiations between the parties conducted after Class Counsel had adequately investigated

13  Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of an

14  experienced mediator in the settlement process further confirms that the Settlement is non-collusive.

15  The Court further finds that the settlement of Plaintiff's representative claims under the California

16  Private Attorneys General Act (Cal. Labor Code §2698 *et seq.*) is fair and reasonable and is

17  approved.

18          3.     A final fairness hearing on the question of whether the proposed Settlement,

19  attorneys' fees and costs to Class Counsel, appointment of a Claims Administrator and the Class

20  Representative's incentive payments should be finally approved as fair, reasonable, and adequate as

21  to the members of the Class is scheduled for ____May 4_____, 2017, at _____1:30_____

22  p.m., in Courtroom 5 before the Honorable Edward M. Chen.

23          4.     The Court approves, as to form and content, the Notice of Class Action

24  Settlement ("Notice") attached to the Supplemental Declaration of John T. Mullan as **Exhibit A-1**.

25  The proposed Notice is the best notice practicable under the circumstances and allows Class

26  Members a full and fair opportunity to consider the Settlement, and decide whether or not to object

27  or opt out.  The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of:

28  (1) appropriate information about the nature of this action, the identity of Class Counsel, and the

essential terms of the Settlement, including the plan of distribution; (2) appropriate information about Plaintiff's forthcoming application for a service payment for the Class Representative and Class Counsel's application for Attorney's Fees and Costs; (3) appropriate information about this Court's procedures for final approval of the Settlement, and about Class Members' right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement, if they so choose; (5) appropriate information about how to elect not to participate in the Settlement, if a Class Member wishes not to participate; and (6) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

5.     The Court directs the mailing of the Notice and the Claim Form by first-class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.     It is ordered that the Settlement Class is preliminarily certified for settlement purposes only under Federal Rule of Civil Procedure 23.  The Court hereby finds and concludes that the Settlement Class satisfies the requirements for certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of settlement only.  Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.   Accordingly, the Court hereby conditionally certifies the Class under Rule 23(a) and (b)(3) for purposes of the proposed settlement

7.     The Court confirms the Law Offices of Rudy, Exelrod, Zieff & Lowe, L.L.P. and the Leigh Law Group as Class Counsel for purposes of settlement only.  In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Class Counsel has extensive experience in handling class actions and the types of claims asserted in this action; that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel have committed and will continue to commit adequate resources to representing the Class.

2.

8.     The Court hereby appoints Kevin Woodruff as Class Representative.

9.     The Court confirms Rust Consulting as the Claims Administrator.

10.     The Court enjoins any Class Member, whether acting directly or in a representative capacity, or in any other capacity, and whether or not any such Class Member has appeared in the litigation, from asserting, instituting or prosecuting in any court or governmental agency or as a grievance under the Collective Bargaining Agreement, any claims released in the Settlement against Defendant or any other parties released by the Settlement, unless the Class Member has sent a timely exclusion notice opting out of the Settlement.  Provided, however, that all Class Members who worked in a Class position at any time since September 10, 2010, including those who sent in a timely exclusion notice, are enjoined from pursuing Private Attorneys General Act ("PAGA" Cal. Labor Code §2698 *et seq.*) claims, until further notice.  Provided, also, that this injunction shall be only in effect until the Court makes a ruling on Final Approval of the Settlement. This injunction does not apply to any Fair Labor Standards Act ("FLSA" 29 U.S.C. § 201 *et seq.*) claims of Class Members.

11.     The Court orders the following Implementation Schedule for further proceedings:

| EVENT | TIME |
| --- | --- |
| Defendant provides Claims Administrator with List of Class Members' names, last known address, Social Security Numbers, maintenance and/or turnaround weeks worked (separately) from September 10, 2010 through the last payroll period immediately preceding the date of Preliminary Approval.  Defendant provides the same information to Defendant's and Class Counsel except it does not provide Class Counsel with Class Members' Social Security Numbers. | 20 days after Preliminary Approval |
| Deadline for Claims Administrator to Mail the Notice to Class Members. | 30 Days after receiving Class Member data from Defendant. |
| Deadline for Class Members (Postmark) to Request Exclusion from the Class (opt out), serve written objections to the Settlement and submit any objections or corrections to their reported maintenance and turnaround weeks worked, along with any evidence to the Claims Administrator if they disagree with the information reported on | 60 Days after Notice of Proposed Class Action Settlement is mailed by the Claims Administrator to Class Members. |

3.

| EVENT | TIME |
|---|---|
| their Class Notice. | |
| Deadline for Class Counsel to file Motion for Attorney's Fees and Costs. | 21 days after Preliminary Approval of the Settlement. |
| Deadline for Class Counsel to file Motion for Final Approval of the Settlement. | Five weeks prior to the Final Fairness (Approval) Hearing date. |
| Final Fairness Hearing (Final Approval) Hearing and Hearing on Class Counsel's Motion for Attorney's Fees and Costs. | <u>May 4</u>_____, 2017. |

12.    This Order is in effect until further notice and is subject to modification at the Final Approval Hearing, or before.

IT IS SO ORDERED.

DATED: _____<u>12/19</u>_____, 2016    _____

IT IS SO ORDERED
AS MODIFIED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4.