1 | LINDBERGH PORTER, Bar No. 100091
ROBERT L. ZALETEL, Bar No. 96262
2 | LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
3 | San Francisco, CA  94104
Telephone: (415) 433-1940
4 | Facsimile: (415) 399-8490
Email: lporter@littler.com
5 |        rzaletel@littler.com

6 | Attorneys for Defendant
BROADSPECTRUM DOWNSTREAM SERVICES,
7 | INC., formerly TIMEC COMPANY, INC.

8 | JOHN T. MULLAN, Bar No. 221149
jtm@rezlaw.com
9 | RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
10 | San Francisco, CA 94104
Telephone:  415.434.9800
11 | Fax:  415.434.0513

12 | JAY T. JAMBECK, Bar No. 226018
jjambeck@leighlawgroup.com
13 | LEIGH LAW GROUP, P.C.
870 Market Street, Suite 1157
14 | San Francisco, CA 94102

15 | Attorneys for Plaintiffs KEVIN WOODRUFF, on behalf
of himself and classes of those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WOODRUFF, on behalf of himself and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BROADSPECTRUM DOWNSTREAM SERVICES, INC., formerly TIMEC COMPANY, INC., a corporation,<br><br>Defendant. | CASE NO. 3:14-CV-04105-EMC<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1    Plaintiff's unopposed Motion for Final Approval of Class Action Settlement came
2 before this Court on May 4, 2017. The proposed settlement in this case was preliminarily approved
3 by this Court on December 19, 2016.  Pursuant to the Court's Preliminary Approval Order and the
4 Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal
5 Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has
6 heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as
7 those stated hereafter, the Court HEREBY FINDS AND ORDERS as follows:

8    The Court hereby grants final approval of the Class Settlement based upon the terms
9 set forth in the Preliminary Approval Order and the Amended Stipulation and Agreement of
10 Compromise and Settlement ("Settlement" or "Settlement Agreement") filed by the parties. The
11 Settlement appears to be fair, adequate, and reasonable to the Class.

12    1.    Except as otherwise specified herein, for purposes of this Final Approval
13 Order, the Court adopts all defined terms set forth in the Settlement.

14    2.    The Court finds that this action satisfies the requirements of Rule 23 and
15 further finds that the Class has at all times been adequately represented by the Named Plaintiff and
16 Class Counsel.

17    3.    The Notice approved by the Court was provided by First Class direct mail to
18 the last-known address of each of the individuals identified as Class Members. In addition, follow-up
19 efforts were made to send the Notice to those individuals whose original notices were returned as
20 undeliverable. The Notice adequately described all of the relevant and necessary parts of the
21 proposed Settlement Agreement, the request for incentive payments to the Named Plaintiff, and
22 Class Counsel's motion for an award of attorneys' fees and costs.

23    4.    The Court finds that the Notice given to the Class fully complied with Rule
24 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the
25 Court with jurisdiction over the Class Members.

26    5.    The Court has concluded that the Settlement, as set forth in the Settlement
27 Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws,
28 including the Fair Labor Standards Act 29 U.S.C. § 200 *et. seq.*, and is ordered finally approved.

1 Each Class Member who has not opted out will be bound by the Settlement and all terms and
2 provisions of the Settlement.  Each Class Member, including those who have opted out, will be
3 bound by the provisions of the settlement relating to California Private Attorneys General Act (Calif.
4 Labor Code §2698 *et seq.*) claims which do not provide an opportunity for employees to "opt out."
5 The Court finds that the Settlement is rationally related to the strength of Plaintiff's claims given the
6 risk, complexity, and duration of further litigation.  The Court also finds that the Settlement is the
7 result of arms-length negotiations between experienced counsel representing the interests of the
8 Class and Defendant, after factual and legal investigation.  The Court finds that the uncertainty and
9 delay of further litigation strongly supports the reasonableness and adequacy of the $3,450,000
10 Settlement Fund established pursuant to the Settlement Agreement.

11       6.     Out of the identified Class Members who were notified, __ has/have objected
12 to any aspect of the proposed settlement, and __ has/have opted out. The reaction of the Class to the
13 proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable,
14 and adequate.

15       7.     The Settlement is HEREBY APPROVED in its entirety.

16       8.     The Settlement Fund shall be dispersed in accordance with the Settlement
17 Agreement as detailed in the Motion for Conditional Certification of Settlement Class, Preliminary
18 Approval of Settlement, and Approval of Class Notice and Settlement Administrator, granted on
19 December 19, 2016.

20       9.     Representative Plaintiff Kevin Woodruff is hereby awarded $10,000 for his
21 time and effort in pursuing this litigation (less appropriate tax withholdings).

22       10.     Plaintiff's Counsel's Application for Attorney's Fees in the amount of
23 $_____, and costs in the amount of $_____ is hereby granted in accordance with
24 *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007*); Staton v. Boeing*
25 *Co.,* 327 F.3d 938, 967 (9th Cir. 2003); and *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).

26       11.     Rust Consulting is appointed as the Claims Administrator and awarded its fees
27 and expenses, estimated at $25,000.

28       12.     The Action is hereby DISMISSED WITH PREJUDICE, with each party to

bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including over disbursement of the Settlement Fund. If for any reason, the Settlement ultimately does not become final, this Final Approval Order will be vacated, the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement.

13. By operation of this Final Approval Order, the Court ENJOINS any Class Member, whether acting directly, in a representative capacity, or in any other capacity, and whether or not any such Class Member has appeared in the litigation, from asserting, instituting or prosecuting in any capacity in any court or governmental agency any claims released in the Settlement against Defendants or any other parties released by the Settlement, unless the Class Member has sent a timely exclusion form opting out of the Settlement. Provided, however, that all Class Members who worked in a Class position at any time since September 10, 2010, including those who sent in a timely exclusion form opting out of the Settlement, are enjoined from pursuing any PAGA claims covered by the Settlement. Provided also that this injunction shall not apply to any FLSA claims of any Class Members who has not endorsed and cashed his or her Settlement check.

IT IS SO ORDERED.

DATED: _____, 2017

EDWARD M. CHEN
District Court Judge